Nathaniel L. Dilger (SBN 196203)
ndilger@onellp.com
Peter R. Afrasiabi (SBN 193336)
pafrasiabi@onellp.com
Joseph K. Liu (SBN 216227)
jliu@onellp.com
Taylor C. Foss (SBN 253486)
tfoss@onellp.com
**ONE LLP**
23 Corporate Plaza
Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2780
Facsimile:    (949) 258-5081

*Attorneys for Plaintiff,*
*Zhejiang Zhengte Co. Ltd.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ZHEJIANG ZHENGTE CO. LTD., a Chinese limited company,<br><br>Plaintiff,<br><br>v.<br><br>SOJAG INC. d/b/a BACCHI GAZEBO, a Canadian corporation,<br><br>Defendant. | Case No. 2:24-cv-06020<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR PATENT INFRINGEMENT**

For its Complaint against Sojag Inc., ("Sojag"), Plaintiff Zhengte Industrial Co. Ltd.., ("Zhengte" or "Plaintiff") hereby allege as follows:

## I.     <u>NATURE OF THE ACTION</u>

1.     This is an action for patent infringement of United States Patent No. US11624187B2 ("the '187 Patent" or "the Asserted Patent"), arising under the Patent Laws of the United States, 35 U.S.C. §1, *et seq.*, seeking damages and other relief under 35 U.S.C. § 281, *et seq.*

## II.     <u>THE PARTIES</u>

2.     Plaintiff Zhengte is a limited company organized and existing under the laws of China with a principal place of business located at No. 811, Oriental Avenue, Linhai, Zhejiang, China, 317004.  Plaintiff makes products covered by the Asserted Patent and which compete directly with the Accused Products described below.

3.     Upon information and belief, Defendant Sojag is a corporation organized under the laws of Canada with principal places of business located at 4055 place Java Brossard, QC, J4Y 0C4 Canada.  On information and belief, Defendant Sojag manufactures, offers for sale, sells, and/or imports into the United States the Accused Products described below.

4.     Upon information and belief, Defendant sells and offer to sell products and services throughout the United States, including in this District, and introduce products and services into the stream of commerce, which include the Accused Products described below.  Defendant performs these acts knowing that the Accused Products will be sold in this District and elsewhere in the United States, resulting in infringement of Plaintiff's Asserted Patent identified below.

5.     Upon information and belief, Defendant conducts significant, persistent and regular amount of business in this District through product sales by its distributors, customers, and resellers and through online marketing, and Defendant derives substantial revenue from such business.

**COMPLAINT FOR PATENT INFRINGEMENT**

### III.   <u>JURISDICTION AND VENUE</u>

6.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.     Venue is proper in this District because Defendant is a foreign company and venue against it is therefore governed by the general venue statute, which provides that "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3); *see also In re HTC Corp.*, 889 F.3d 1349, 1358 (Fed. Cir. 2018).

9.     Upon information and belief, this Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges and benefits of the laws of the State of California.  Further, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of California, pursuant to due process and/or the California Long Arm Statute, because Defendant purposefully availed itself of the privileges of conducting business in the State of California, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of California, including Defendant regularly doing or soliciting business and deriving substantial revenue from providing products and services to individuals in this District, including the Accused Product described below, which is accused of infringing the Asserted Patents.  The exercise of jurisdiction over Defendant would thus not offend traditional notions of fair play and substantial justice.

### IV.   <u>BACKGROUND</u>

10.     Plaintiff is a global provider of high-quality outdoor products. Over the past 25 plus years, Plaintiff has grown from a small factory into a now major and highly-respected supplier of outdoor leisure furniture and supplies.  One of Plaintiff's most successful products is an innovative louvered pergola, which can be easily and quickly assembled by purchasers using only simple tools.  This pergola further includes an

1    internal gutter system that allows for easy drainage of rainwater and other moisture from

2    the pergola.  Below is a photo of Plaintiff's patented pergola:

3    *See* https://www.youtube.com/watch?v=mlv3pvE1lh0



11.    Plaintiff sought patent protection from the United States Patent Office

("USPTO") for its louvered pergola.  In response, Plaintiff was granted United States

Patent No. US11624187B2 ("the '187 Patent" or "the Asserted Patent"), which describes

and claims various innovative aspects of Plaintiff's louvered pergola.  Below is a

representative figure from the '187 Patent:



*See* https://patents.google.com/patent/US11624187B2/en?oq=US11624187B2

    12.    Among other innovations, the '187 Patent describes and claims a unique system for assembling the pergola that utilizes securing bars at the ends of each cross beam, which correspond with internal beam securing slots provided on the upper end of each corner post.  To assemble the patented pergola, the cross beams are attached to corner posts by slidably inserting the at least one securing bar of each beam end into the at least one internal beam securing slot provided at the top end of the corner post.  When assembled in this manner, the patented pergola includes both a clean and fastener-free outer surface as well as an offset between the outer surface of the cross beam as compared to the outer surface of the corner posts.  Examples of one embodiment of this attachment system and the resultant cross beam/post offset can be seen in the '187 Patent figures reproduced below:

**COMPLAINT FOR PATENT INFRINGEMENT**





FIG. 2O

FIG. 2Q

13.     Plaintiff's patented pergola further includes an internal gutter system that allows for rainwater to drain from the louvered pergola roof into internal gutters provided along the length each cross beam.  Rainwater runs in these internal gutters and thereafter drains into an internal conduit provided in each corner post.  After draining into this internal conduit, rainwater thereafter passes through an aperture provided in a lower portion of the respective corner post.  One embodiment of this gutter system can be seen in the '187 Patent figure reproduced below:



FIG. 3S

14.     Defendant manufactures and exports into the United States pergolas and other outdoor leisure furniture and supplies.  As shown in the attached claim chart (**Exhibit A**), at least Defendant's "Hana" Louvered Pergola (all sizes) infringes one or more claims of the '187 Patent, as well as any other louvered pergola made, used, sold, offered for sale, and/or imported by Defendant having substantially the same construction as the exemplary pergola shown in Exhibit A (collectively, "Accused Product" or "Accused Products").

15.     Indeed, Defendant's Accused Product appears to be no more than an obvious knock-off of Plaintiff's patented pergola.  Pictured below is one version of the Accused Product (left photo), compared against Plaintiff's pergola (right photo).

 

*See, e.g.,* https://www.thebetterbackyard.com/products/sojag-hana-10x13-ft-black-louvered-pergola.

16.     Defendant's Accused Products are plainly no more than a blatant knock-off of Plaintiff's patented pergola and – more importantly – infringes the patented features described and claimed in the '187 Patent.

## <u>COUNT I</u>
### INFRINGEMENT OF THE '187 PATENT

17.     Plaintiff hereby restates the allegations contained in the preceding paragraphs above as if fully set forth herein.

7

18.     The '187 Patent was duly and legally issued to Plaintiff by the United States Patent and Trademark Office.

19.     Dee Volin and Zhou Jian are the listed inventors and Plaintiff owns all right, title, and interest in and to the '187 Patent, including the right to assert all causes of action arising under the '187 Patent, the right to pursue all remedies for infringement of the '187 Patent, and the right to recover any and all available damages for infringement of the '187 Patent.

20.     Defendant has infringed and continue to infringe the '187 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States without authorization, at least the Accused Product. For example, as shown in the attached claim chart (**Exhibit A**), the Accused Products infringe at least Claim 1 of '187 Patent.

21.     Moreover, Defendant has infringed the '187 Patent with full knowledge that their making, using, selling, offering for sale, and/or importing of the Accused Product constitutes infringement of the '187 Patent.  In particular, Plaintiff has properly marked all commercial embodiments of Plaintiff's patented pergola with the '187 Patent number in accordance with the requirements of 35 U.S.C. Sec. 287.  On information and belief, Defendant nonetheless either carefully studied or indeed secured a commercial copy of Plaintiff's patented pergola and thereafter directly copied this pergola.  Defendant is thus well aware of the '187 Patent and the fact that Defendant was copying a patent-protected product.

22.     But despite having full knowledge of the '187 Patent and its infringement thereof, Defendant copied the Plaintiff's patented pergola and since then has continued to manufacture, use, sell, offer for sale, and/or import into the United States the Accused Products.  Defendant's infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Plaintiff of its attorneys' fees in accordance with 35 U.S.C. § 285.

**COMPLAINT FOR PATENT INFRINGEMENT**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a.      Declaring that Defendant has infringed the '187 Patent and that such infringement was willful.

b.      Awarding to Plaintiff damages arising out of Defendant's infringement of the '187 Patent, together with prejudgment and post-judgment interest, in an amount according to proof.

c.      As a consequence of Defendant's willful infringement, trebling the foregoing damages award in accordance with 35 U.S.C. § 284.

d.      Awarding attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

e.      Awarding such other costs and further relied as the Court may deem just and proper.


Dated: July 17, 2024          **ONE LLP**


                    By:  */s/ Nathaniel L. Dilger*
                         Nathaniel L. Dilger
                         Peter R. Afrasiabi
                         Joseph K. Liu

                         *Attorneys for Plaintiff,*
                         *Zhejiang Zhengte Co. Ltd.*

**COMPLAINT FOR PATENT INFRINGEMENT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable under the law.

Dated: July 17, 2024                         **ONE LLP**

                                     By:  */s/ Nathaniel L. Dilger*
                                         Nathaniel L. Dilger
                                         Peter R. Afrasiabi
                                         Joseph K. Liu


                                         *Attorneys for Plaintiff,*
                                         *Zhejiang Zhengte Co. Ltd.*

**COMPLAINT FOR PATENT INFRINGEMENT**